CASE 42—PETITION EQUITY—NOVEMBER 19.

# City of Maysville v. Wood, Etc.

### APPEAL FROM MASON CIRCUIT COURT.

1. DEDICATION—PLEADING—EVIDENCE.—Where a lot of land is dedicated to the public on a plat and is divided into three squares, one designated as "public square," another as "seminary square," and another as "meeting house square," the plat being the only evidence of the dedication, the dedication of the "meeting house square" will be held to be for religious purposes only.

2. MUNICIPAL CORPORATIONS—TRUSTS AND TRUSTEES.—Municipal corporations can not hold land in trust for religious purposes.

W. H. WADSWORTH FOR APPELLANT.

1. The declarations of the dedicator in selling off lots around the meeting house square which he had dedicated should be admitted to show the extent and scope of the dedication. Rowan v. Portland, 8 B. M., 232; Beatty v. Kirk, 2d Peters, 212; Barclay v. Howell, 6 Peters, 498; Westfall v. Hunt, 8 Ind., 174.

2. But if the dedication was solely for religious purposes, the city might have accepted the trust and carried it out. Town of Pawlett v. Clark, 9 Cranch, 292; Dillon on Municipal Corporations, vol. 2, secs. 437, 493, 510; Ham. & Al. v. Dadeville, 14 Southern Rep., 9; E. L. & B. S. R. R. Co. v. Combs, 10 Bush, 387; Barclay v. Howell, 6 Peters, 498; Westfall v. Hunt, 8 Ind., 174; Vidal v. Gerard's Ex'rs., 2d Howard, 189; McDonough's Ex'rs. v. Murdoch, 15 Howard, 367; Perin &c. v. Carey &c., 24 Howard, 505; Antonees v. Eslava, 9 Ala. (Port.), 544; Hannibal v. Draper, 15 Mo. (Houck), 425; Christian Church v. Scholte, 2d Iowa, 27; Xiques v. Bujac, 7 La. An., 498.

J. N. KEHOE ON SAME SIDE.

1. No particular form or words are necessary to constitute a dedication; but where the plat is made and recorded, and the intention is plain, taken in connection with the other circumstances, it is sufficient. Dillon on Municipal Corporations, vol. 2, sec. 636; Rowan's Ex'rs. v. Portland, 8 B. M., 236.

2. But a dedication may be made to a municipal corporation for religious purposes, and the corporation may accept same. Antonees v. Eslava, 9 Port. (Ala.), 527; Hannibal v. Draper, 15

Mo., 634; Dillon on Municipal Corporations, sec. 645; Church v. Mayor, 97 American Decisions, 696.

3. The use of such words as "public square, "meeting house square," "assembly square," &c., are held to mean and constitute an unrestricted dedication to the public. Dillon on Municipal Corporations, sec. 645; Commonwealth v. R———, 14 Pa. State, 186; Alton v. Transportation Co., 12 Ill., 60; Commonwealth v. Bowman, 3 Ban (Pa.), 203; Baker v. Johnson, 21 Mich., 393; State v. Wilkinson. 2 Vt., 480.

E. L. WORTHINGTON FOR APPELLEES.

1. Except in cases of emergency requiring immediate action, a suit in behalf of a municipal corporation can not be brought except when authorized by the city council. City of Owensboro v. Weir, &c., 95 Ky., 158; City of Louisville v. Murphy, 86 Ky., 53.

2. The grant, whether by deed or dedication or devise, to a municipal corporation, of real estate in trust for religious purposes is void in so far as the title is attempted to be vested in the municipality. Dillon on Municipal Corporations, sec. 573 and note; Jackson v. Hartwell. 8 Johnson, 422; Benjamin Franklin's Estate, 30 Am. State Reports, 817 and 150 Pa. State, 437.

3. The intention of the dedicator must be sought alone in his plat; it is not competent to prove by parol what he meant by "meeting house square," and an allegation that he meant to set apart that lot for a place for people to meet on any and every kind of business avails nothing. Rowan v. Portland, 8 B. M., 235.

G. S. JUDD OF COUNSEL ON SAME SIDE.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

This action was begun in the circuit court of Mason county by the appellant, the city of Maysville against the appellees, Geo. T. Wood and others, by which the appellant sought to adjudge a sale by the court's commissioner, made under an *ex parte* proceeding on behalf of appellees, Wood and others, declared void and a nullity and to enjoin said appellees from in any way interfering with a certain lot of ground in the said city of Maysville, and also sought to perpetuate said ground for the purposes for which same had been dedicated years before. The petition states that in the year 1818 one

Samuel January owned the land in that part of the city of Maysville, and laid same off into streets and alleys and lots, and sold lots according to said plat and had same recorded, the place was then called Limestone, but was not an incorporated town.   On this plat there is a lot of ground, the land here in contest, marked "Meetinghouse Square."   This ground was never sold and has never been built upon.   Some time after the year 1818 the said town of Limestone was incorporated as East Maysville, and in 1853 the trustees of said town of East Maysville, by a regular deed of conveyance, executed and acknowledged, deeded or undertook to convey to Shackelford, Anderson and Spencer, as trustees for the Christian or Reformed Baptist Church and to their successors in office, this said ground, known as "Meetinghouse Square," providing that said trustees shall take possession of same and enclose and improve same in conformity to the true spirit and intention of the original donor.   The said deed reciting that as the said Samuel January and his wife and eight out of their nine children were- or had been members of the Christian or Reformed Baptist Church, that his charity (this lot) should be occupied by the church of which he and family were members.   This deed was duly recorded in the clerk's office of Mason county.

The petition also alleges that afterwards the said town of East Maysville became a part of the city of Maysville, and was such part at the filling of said petition.   The petition states that at the September term, 1891, the appellees, Wood, Williams and Hall, acting as trustees of the religious denomination known as the Maysville Christian Church, by an *ex parte* proceeding, sought and obtained a decree of the cir-

cuit court of Mason county, directing a sale of this lot, known as "Meetinghouse Square," and that under said decree the same was sold and was bought by appellees, Kackley and Traxel; that on the day of sale the said purchasers were notified of the fact that this appellant objected to the sale and would contest the title of the purchaser, and that on the report of sale being filed in said *ex parte* proceeding this appellant appeared and offered to file exceptions to the confirmation of the sale, but the court refused to permit same to be filed, and that appellant now brings this suit and asks that said sale be declared void, and that said lot of land be declared a dedication from said Samuel January to the use cf the public to be used for the sole and only purpose of erecting thereon a house or houses of religious worship, which the petition alleges was the object and intention of said donor. The circuit court sustained a demurrer to this petition and appellant by leave amended, and in the amendment the only change made is that it is alleged that said lot of land was by said Samuel January dedicated to the public for use as a place of public resort or meetings of any and all legal character, and that the appellant had expended large sums of money on the streets adjacent to said property, in grading and beautifying same.

To this amendment and the petition as amended the court sustained a demurrer, and appellant declining to plead further the petition was dismissed, and from that action of the court this appeal is prosecuted. The sole question to be determined on this appeal is, did the petition of appellant, or the same as amended, present a cause of action in appellant? If that question be determined in the affirmative the judgment of the circuit court should be reversed.

In the amended petition filed, the only change made from the original is the allegation that the city of Maysville had improved the streets around this "Meetinghouse Square," and the allegation that in the dedication made by Samuel January, the said donor intended "that said dedication was made for public meeting purposes generally, and intended as a place of public resort, where the public generally had a right to and could meet and transact any and all matters affecting the public generally." This amendment only states the conclusion of the pleader as to the intention of the donor, as he therein pleads the dedication by the express words of the plat and makes same a part thereof. It seems to us that this conclusion is not warranted by the plat, which is the only evidence of the dedication. On this plat there are three squares set apart, called respectively "Public Square," "Seminary Square," and "Meetinghouse Square." The two latter are situated adjacent, with an alley only between. The public square was some squares away, and it seems to us that the only meaning that could be attached to the words "Meetinghouse Square" are those given to same in the original petition, *i. e.*, for religious purposes and with a view of making it a place of religious instruction and worship.

Now, with this being the true meaning and intention of the donor in making the dedication, can the appellant, the city of Maysville, maintain this action? The question is not whether a lot may be dedicated for a church lot or for religious purposes, for that is now well settled that it can, but whether a lot dedicated for religious or church purposes can be under the control of the municipal government, or whe-

ther the municipality can hold the title as trustee for the public so as to maintain an action for its perversion.

In Dillon on Municipal Corporations, section 573, the principle is stated thus: "Municipal corporations can not, for the same reasons applicable to ordinary corporations aggregate, hold lands in trust for any object or matter foreign to the purpose for which they are created, and in which they have no interest."

To this principle we assent, and hold that municipal corporations can not hold land in trust for religious purposes. It is clear that since the establishment of this government it has always been the intention of its citizens to entirely separate church and State. In all our constitutions such an intention is clearly expressed, and in the light of this history it is manifest that at no time was any municipal corporation ever organized in this State with any power or authority in matters affecting religious worship.

We have said that land may be dedicated for church or religious purposes, but in no event can this dedication be to a municipal corporation as trustee. The duty of the corporation in regard to church property or religious worship is to guarantee the citizen his property or religious rights and the free enjoyment of same.

As the appellant, the city of Maysville, has no right of property in the lot in question, all of which appears from the petition, we are of opinion that the court did not err in sustaining the demurrers and in dismissing the action, and the same is affirmed.